NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DENNIS JAY MCDANIEL, *Appellant.*

No. 1 CA-CR 23-0473
FILED 07-18-2024

Appeal from the Superior Court in Mohave County
No. S8015CR202200624
The Honorable Billy K Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice T. Jones
*Counsel for Appellee*

Janelle A. McEachern, Chandler
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

**T H U M M A**, Judge:

¶1 This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Dennis Jay McDaniel has advised this court that, after searching the entire record, he has found no arguable question of law and asks the court to conduct an *Anders* review of the record. McDaniel was given the opportunity to file a supplemental brief pro se but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, McDaniel's conviction and resulting sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2 McDaniel was indicted for various felony offenses committed between November 2017 and May 2022. As relevant here, at trial, the jury found McDaniel guilty of sexual conduct with a minor by domestic violence, a Class 2 felony and a dangerous crime against children. The jury also found the State had proven as an aggravating circumstance physical, emotional or financial harm to the victim.

¶3 At sentencing, the court considered McDaniel's prior military service, mental health history, letters of support and age as mitigating circumstances. Weighing the mitigating and aggravating circumstances, the court found the factors counterbalanced each other and sentenced McDaniel to the presumptive term of 20 years in prison. The court also issued a lifetime no-contact injunction, prohibiting McDaniel from having any contact with the victim. The court then properly awarded McDaniel 122 days of presentence incarceration credit, also imposing $870 in financial assessments. This court has jurisdiction over McDaniel's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶4 The record shows that McDaniel was represented by counsel at all stages of the proceedings and that counsel was present at all critical stages. The record contains substantial evidence supporting the verdict. The sentence imposed was within statutory limits, and the presentence incarceration credit was correct. And in all other respects, from the record presented, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

**CONCLUSION**

**¶5**      This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, McDaniel's conviction and resulting sentence are affirmed.

**¶6**      Upon the filing of this decision, defense counsel is directed to inform McDaniel of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). McDaniel has 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.

